UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDAR RIDGE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-7350 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendants' unopposed motion to compel arbitration and stay the proceedings.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiffs are the owner and manager of commercial property in New Orleans, Louisiana, that was allegedly damaged during Hurricane Ida on August 29, 2021.[2] At the time of the hurricane, the property was covered by an insurance policy issued by defendants.[3] Plaintiffs allege that defendants failed to make required payments under their policy, and they assert causes of action for breach of the insurance contract and breach of the duty of good

---

1   R. Doc. 9.
2   R. Doc. 1-2 ¶¶ 2-3.
3   *Id.* ¶ 1.

faith and fair dealing.[4]  Defendants removed the action to this Court, invoking federal-question jurisdiction because the subject matter of the action relates to an arbitration agreement enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention"), and the Federal Arbitration Act ("FAA").[5]  On January 8, 2024, Magistrate Judge Janis van Meerveld granted defendants' motion to opt-out of the Court's Streamlined Settlement Program.[6]

Defendants now move to compel arbitration and to stay proceedings pending arbitration.[7]  Defendants contend that arbitration is mandated under the following provision within the insurance policy:[8]

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

---

[4]   R. Doc. 1-2 ¶¶ 4-5.
[5]   R. Doc. 1.  *See also* 9 U.S.C. § 205 (providing for removal of actions when the subject matter "relates to an arbitration agreement or award falling under the Convention").
[6]   R. Doc. 10.
[7]   R. Doc. 9.
[8]   R. Doc. 9-1 at 6-7.

The arbitration provision further states that "[t]he seat of the Arbitration shall be in New York," and that the "Arbitration Tribunal shall apply the law of New York."[9]  Plaintiff does not oppose the motion.

The Court considers the motion below.

## II.   LEGAL STANDARD

The New York Convention is an international treaty that provides citizens of the signatory countries the right to enforce arbitration agreements.  The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).  In 1970, the United States acceded to the Convention, and Congress enacted implementing legislation in Chapter 2 of the FAA, 9 U.S.C. §§ 201-208.  *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020).  Chapter 2, often referred to as the "Convention Act," provides for the New York Convention's enforcement, grants federal courts jurisdiction over actions governed by the Convention,

---

9      *Id.* at 7.

3

and empowers the courts to compel arbitration. 9 U.S.C. §§ 201, 203, 206; *see also Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002 ("Chapter 2 is the Convention Action."). Chapter 1 of the FAA, 9 U.S.C. §§ 1-16, serves as the primary domestic source of federal arbitration law. *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). Chapter 1 applies to actions brought under the Convention to the extent that it does not conflict with the Convention or its implementing legislation. 9 U.S.C. § 208; *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010); *see also McDermott Intern., Inc. v. Lloyds Underwriters of London*, 120 F.3d 583, 588 (5th Cir. 1997) ("[T]he FAA is the approximate domestic equivalent of the Convention such that the Convention Act incorporates the FAA except where the FAA conflicts with the Convention Act's few specific provisions." (citation and internal quotation marks omitted) (alterations omitted)).

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). The Court "should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a

4

commercial legal relationship; and (4) a party to the agreement is not an American citizen.'" *Id.* (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 274 (5th Cir. 2002)). Once these factors have been found to exist, a court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (citation and internal quotation marks omitted).

### III. DISCUSSION

The Court finds that the Convention applies to the dispute here because (1) there is a written agreement to arbitrate "all matters in difference" between the parties;[10] (2) the agreement provides for arbitration in the United States, and specifically in New York;[11] (3) the agreement arises out of a commercial legal relationship, specifically, a contract to provide insurance coverage;[12] and (4) a party to the agreement is not an American citizen, as at least one subscribing syndicate of Certain Underwriters at Lloyd's London is a citizen of Germany.[13] *See Certain Underwriters at Lloyd's, London v. Prop. Risk Servs. Mgmt. II*, No. 3:19-CV-1696, 2019 WL

---

10  R. Doc. 9-2 at 42.
11  *Id.*
12  *Id.* at 1; R. Doc. 1-2 ¶ 2.
13  R. Doc. 9-1 at 9.

5

5318566, at *3 (N.D. Tex. Oct. 21, 2019) (finding that a dispute would fall under the Convention as long as one of the subscribers to the insurance policy was not an American citizen). Plaintiffs do not dispute the applicability of the Convention. Plaintiffs' allegation that defendants failed to make required payments under the insurance policy constitutes a matter in dispute between the parties. Plaintiffs do not contend, and no applicable law or evidence shows, that the agreement is "null and void, inoperative, or incapable of being performed." *See Freudensprung*, 379 F.3d at 341-42. Accordingly, the Court must order arbitration.

The Convention does not explicitly authorize a court to stay litigation pending arbitration. *Todd*, 601 F.3d at 332. The FAA applies in Convention cases to the extent that it does not conflict with the Convention. 9 U.S.C. § 208; *Todd*, 601 F.3d at 332. Thus, when the parties' arbitration agreement falls under the Convention, a party may apply for a stay under the FAA, 9 U.S.C. § 3. *Todd*, 601 F.3d at 332. Having found that plaintiffs' claims fall under the Convention and must be submitted to arbitration, the Court must stay the action pending arbitration upon application of one of the parties under the FAA. 9 U.S.C. § 3 ("[T]he court . . . upon being satisfied that the issue involved in such suit . . . is referable to arbitration . . . shall . . . stay the trial of the action until such arbitration has been had."). Here, defendants

have applied for a stay.[14] Accordingly, the Court must stay the litigation pending arbitration.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to compel arbitration. It is ORDERED that the matter is STAYED and ADMINISTRATIVELY CLOSED pending arbitration.

New Orleans, Louisiana, this ___7th___ day of February, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 9.